# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

MARCO TULIO HERNANDEZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-807-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marco Tulio Hernandez-Lopez (Hernandez) appeals his 41-month within-guidelines sentence for illegal reentry into the United States following removal. Hernandez argues that his sentence is substantively unreasonable because the sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He asserts that a presumption of reasonableness should not be applied to his within-guidelines sentence because the Guideline on which it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was based, U.S.S.G. § 2L1.2, is not empirically based.  He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass.  In addition, Hernandez maintains that the sentence failed to reflect his personal history and characteristics because he made a decent living in the United States while only working for sustenance in Honduras and because this was his first illegal reentry offense and he was unaware of the severity of the consequences he faced by returning to the United States, where he had previously lived and worked.

A discretionary sentence imposed within the advisory guidelines range is presumptively reasonable.  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  As Hernandez acknowledges, his assertion that we should not apply a presumption of reasonableness because § 2L1.2 is not empirically based is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  The international trespass and the double counting of prior convictions arguments that Hernandez raises have both been previously rejected.  *See Duarte*, 569 F.3d at 529-31; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The district court weighed the sentencing factors, rejected Hernandez's personal arguments, and imposed a within-guidelines sentence based on the serious nature of Hernandez's prior conviction and his rapid reentry following removal.  As Hernandez was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Hernandez has not shown sufficient reason for us to disturb that presumption.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.